**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

In Re:

Andres C. Pinedo

Chapter: 13

Case No.: 5:19--bk--02045

Debtor(s)

### NOTICE

The confirmation hearing on the 2nd Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 10/08/2019    Time: 09:30

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701

The deadline for filing objections to confirmation of the Plan is: 10/01/2019.

**For cases before the Hon. Robert N. Opel, II (indicated in the Case No. with the initials "RNO" respectively):**

Any objections to confirmation of the Plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the Plan at this time.

**For cases before the Hon. Henry W. Van Eck (indicated in the Case No. with the initials "HWV"):**

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 08/27/2019    Filed by:    Mark E. Moulton, Esquire

---

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:    CHAPTER 13

Andres C. Pinedo    CASE NO.: 5–bk–19–2045

ORIGINAL PLAN
1st AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

1 Number of Motions to Avoid Liens
0 Number of Motions to Value Collateral

### CHAPTER 13 PLAN

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | X Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | X Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | X Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**
   1. To date, the Debtor paid $ 1,033.65 (enter $0 if no payments have been made to the

1

---

Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 18,660.90 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 06/19 | 08/19 | 344.55 | -0- | 344.55 | 1,033.65 |
| 09/19 | 05/24 | 309.25 | -0- | 309.25 | 17,627.25 |
| | | | | Total Payments: | 18,660.90 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:
   ☑ Debtor is at or under median income.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 0. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   *Check one of the following two lines.*
   ☐ No assets will be liquidated.

   X Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Any non exempt proceeds from potential personal injury/workman's comp case.

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*
   ☑ None.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

   X Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Mr. Cooper | 137 Maria Lane, Dingmans Ferry | 6678 |
| Citizens One Financial | 2015 Ford Mustang | 2914 |
| | | |

   C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*
   ☐ None.

   X The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Mr. Cooper | 137 Maria Lane | 13,211.00 | -0- | 13,211.00 |
| | | | | |

2    3

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None.

X  The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| PA Dept. Revenue | 137 Maria Lane | 972.05 | 6.0 | 972.05 |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None.

X  Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| PNP Management Servs LLC | 137 Maria Lane, Dingmans Ferry 2nd Mort | NO VALUE |  |  | PLAN |

F. **Surrender of Collateral.** *Check one.*

☑ None.

G. **Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one.*

☑ None.

3. **PRIORITY CLAIMS.**

A. **Administrative Claims**

1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. **Attorney's fees.** Complete only one of the following options:

    a. In addition to the retainer of $ 1,200.00 already paid by the Debtor, the amount of $ 1,800.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

    ☑ None.

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| PA Dept Of Revenue | 110.45 |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

☑ None.

4. **UNSECURED CLAIMS.**
    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*
    
    ☑ None.
    
    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**
    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    X  plan confirmation.
    ☐ entry of discharge.
    ☐ closing of case.

7. **DISCHARGE: (Check one)**

    X  The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**
    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
    Payments from the plan will be made by the Trustee in the following order:

Level 1: Adequate protection payments.

Level 2: Debtor's attorney's fees

Level 3: Domestic Support Obligations

Level 4: Priority claims, pro rata.

Level 5: Secured claims, pro rata.

Level 6: Specially classified unsecured claims.

Level 7: Timely filed general unsecured claims.

Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

A. This Chapter 13 Plan ("this Plan") provides a distribution chart in Section 8 above that provides estimated distributions to classes of creditors and the estimated Trustee commission rate utilized in the calculations, in addition to all information indicated by the Model Plan.

B. The **second lien** position mortgage of **Select Portfolio Serving Inc**, its successors, predecessors and assigns, hereinafter referred to as "Lender", is being avoided via this Plan.

   1. Confirmation of this Plan shall constitute a finding that for purposes of this bankruptcy case and all matters relevant thereto the value of the real property known as **137 Maria Lane, PA 18328; Marcel Lake Estates POA, Dingmans Ferry, Pike County, PA**, and the Deed for this property having been recorded with the Recorder of Deeds in and for **Pike County,** Pennsylvania at **Pike County Deed Book Volume 1881, Page 658**, hereinafter referred to as the "Property", is **$97,817.00**. Documentation verifying this value is or will be filed of record with this Court.

   2. Upon confirmation of this Plan the entire balance owed to Lender shall be deemed a general unsecured claim without further Order of this Court, provided that:

     (a) Lender's claim, upon the filing of a valid and timely Proof of Claim, shall be allowed as a non-priority general unsecured claim and may share in any distribution to general unsecured creditors.

     (b) The avoidance of Lender's junior lien is contingent upon the Debtor's completion of the Chapter 13 Plan and receipt of a Final Decree after completion of all Plan Payments.

     (c) Lender shall retain its lien for the full amount due under the subject loan should the property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan and entry of a Final Decree.

     (d) Lender shall retain its lien for the full amount due under the subject loan in the

event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the case to another Chapter under the United States Bankruptcy Code.

(e) In the event that any entity, including the holder of the first lien on the Property, forecloses on its security interest and extinguishes Lender's lien prior to the Debtor's completion of the Chapter 13 Plan, Lender's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

3. The Confirmation Order and Final Decree may be filed with the Recorder of Deeds in and for **Pike County**, Pennsylvania, which shall satisfy and avoid the mortgage held by Lender against the Property, as recorded at **Pike County Record Book Volume 2029, Page 601; assigned on February 22, 2016 and recorded at Pike County Record Book Volume 2489, Page 1683**.

Dated: August 27, 2019         s/Mark E. Moulton
                               Attorney for Debtor

                               s/ Andres C. Pinedo
                               Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

8

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: ANDRES C PINEDO

CASE NO: 19-02045

**DECLARATION OF MAILING CERTIFICATE OF SERVICE**

Chapter: 13

On 8/27/2019, I did cause a copy of the following documents, described below,

Pinedo Plan 2 w Notice sm

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/27/2019

/s/ Mark E. Moulton
Mark E. Moulton  89064

693 Route 739
Hawley, PA  18428
570 775 9525

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: ANDRES C PINEDO

CASE NO: 19-02045

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 8/27/2019, a copy of the following documents, described below,

Pinedo Plan 2 w Notice sm

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/27/2019

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Mark E. Moulton

693 Route 739
Hawley, PA  18428

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO
LABEL MATRIX FOR LOCAL NOTICING 03145
CASE 5-19-BK-02045-RNO
MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE
TUE AUG 27 13-32-16 EDT 2019

ABS REO TRUST
CO SELECT PORTFOLIO SERVICING INC
PO BOX 65250
SALT LAKE CITY UT 84165-0250

DANIELLE BOYLE EBERSOLE
HLADIK ONORATO FEDERMAN LLP
298 WISSAHICKON AVENUE
NORTH WALES PA 19454-4156

CAC DEBT RECOVERY
2300 GETTYSBURG RD STE 102
CAMP HILL PA 17011-7303

CBL PATH
110 WASHINGTON AVE 2ND FL
NORTH HAVEN CT 06473-1723

CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CAVALRY SPV I LLC
500 SUMMIT LAKE DRIVE STE 400
VALHALLA NY 10595-2321

CITIBANK S D
701 EAST 60TH STREET NORTH
SIOUX FALLS SD 57104-0493

CITIBANK SD
701 EAST 60TH STREET NORTH
SIOUX FALLS SOUTH DAKOTA 57104-0493

CITIZENS BANK NA
ONE CITIZENS BANK WAY MAIL STOP JCA115
JOHNSTON RI 02919-1922

CITIZENS ONE AUTO FINANCE
1 CITIZENS BANK WAY
JOHNSTON RI 02919-1922

CITIZENS ONE AUTO FINANCE
1 CITIZENS BANK WAY
JOHNSTON RHODE ISLAND 02919-1922

COMMERCIAL ACCEPTANCE COMP
2300 GETTYSBURG RD STE 102
CAMP HILL PENNSYLVANIA 17011-7303

CREDIT ONE BANK NA
585 PILOT ROAD
LAS VEGAS NEVADA 89119-3619

CHARLES J DEHART III TRUSTEE
8125 ADAMS DRIVE SUITE A
HUMMELSTOWN PA 17036-8625

DELL FINANCIAL SERVICES
P O BOX 81577
AUSTIN TX 78708-1577

DISCOVER BANK
DISCOVER PRODUCTS INC
PO BOX 3025
NEW ALBANY OH 43054-3025

DISCOVER CC
PO BOX 3025
NEW ALBANY OH 43054-3025

ERC
PO BOX 23870
JACKSONVILLE FL 32241-3870

ASHLEE CRANE FOGLE
RAS CRANE LLC
10700 ABBOTTS BRIDGE RD
SUITE 170
DULUTH GA 30097-8461

KEVIN S FRANKEL
SHAPIRO DENARDO LLC
3600 HORIZON DRIVE
SUITE 150
KING OF PRUSSIA PA 19406-4702

GLOBAL PAYMENTS CHECK SERVICES LLC
ATTN FB SUPPORT
6215 W HOWARD STREET
NILES IL 60714-3403

HSBC BANK
ATTN BANKRUPTCY DEPT
PO BOX 4215
BUFFALO NEW YORK 14240-4215

HOME DEPOT
ATTN LEGAL
2455 PACES FERRY RD
ATLANTA GA 30339-6444

HOME DEPOT
ATTN LEGAL
2455 PACES FERRY RD
ATLANTA GEORGIA 30339-6444

BRIAN THOMAS LANGFORD
WELTMAN WEINBERG REIS CO LPA
436 7TH AVENUE SUITE 2500
PITTSBURGH PA 15219-1842

LAW OFFICES OF SHAPIRO DENARDO LLC
3600 HORIZON DRIVE STE 150
KING OF PRUSSIA PC 19406-4702

| | | |
|---|---|---|
| LIBERTY CAREER FINANCE<br>PO BOX 8099<br>NEWARK DE 19714-8099 | MLEPOA INC<br>103 LAKE DRIVE<br>DINGMANS FERRY PA 18328-3127 | MERCURY<br>CARD SERVICES<br>PO BOX 70168<br>PHILADELPHIA PA 19176-0168 |
| MERRICK BANK<br>PO BOX 660702<br>DALLAS TX 75266-0702 | MET ED<br>PO BOX 3687<br>AKRON OH 44309-3687 | METEDFIRST ENERGY<br>101 CRAWFORDS CORNER RD<br>BLDG 1 SUITE 1-511<br>HOLMDEL NJ 07733-1976 |
| MIDLAND CREDIT MANAGEMENT<br>8875 AERO DRIVE<br>STE 200<br>SAN DIEGO CALIFORNIA 92123-2255 | MIDLAND CREDIT MANAGEMENT<br>8875 AERO DRIVE STE 200<br>SAN DIEGO CA 92123-2255 | MIDLAND CREDIT MANAGEMENT INC<br>PO BOX 2037<br>WARREN MI 48090-2037 |
| MIGDALIA ESPINET<br>137 MARIA LANE<br>DINGMANS FERRY PA 18328-3088 | MARK E MOULTON<br>MOULTON AND MOULTON PC<br>693 STATE ROUTE 739 SUITE 1<br>LORDS VALLEY PA 18428-6083 | MR COOPER<br>9850 CYPRESS WATERS BLVD<br>COPPELL TX 75019 |
| MR COOPER<br>9850 CYPRESS WATERS BLVD<br>COPPELL TEXAS 75019 | NEWTON MEMORIAL HOSP<br>PO BOX 3129<br>SECAUCUS NJ 07096-3129 | ORION<br>CO PRA RECEIVABLES MANAGEMENT LLC<br>PO BOX 41021<br>NORFOLK VA 23541-1021 |
| PA DEPARTMENT OF REVENUE<br>BANKRUPTCY DIVISION<br>PO BOX 280946<br>HARRISBURG PA 17128-0946 | PNP FINANCIAL MAANGEMENT SERVS<br>100 QUENTIN ROOSEVELT BLVD 204<br>GARDEN CITY NY 11530-4843 | PRA RECEIVABLES MANAGEMENT LLC<br>PO BOX 41021<br>NORFOLK VA 23541-1021 |
| PENNSYLVANIA DEPARTMENT OF REVENUE<br>BANKRUPTCY DIVISION PO BOX 280946<br>HARRISBURG PA 17128-0946 | DEBTOR<br>ANDRES C PINEDO<br>137 MARIA LANE<br>DINGMANS FERRY PA 18328-3088 | PLAINS VOLUNTEER AMB<br>90 MAFFETT ST<br>PLAINS PA 18705-1933 |
| PLAINTS TWP AMBULANCE<br>PO BOX 207<br>ALLENTOWN 18105-0207 | PLEASANTDALE AMBULATORY CARE<br>61 MAIN STREETSTE D<br>WEST ORANGE NJ 07052-5353 | PLEASANTDALE AMBULATORY SERVICE<br>61 MAIN STREET STE D<br>WEST ORANGE NJ 07052-5353 |
| PNP MANAGEMENT SERVICES LLC<br>100 QUENTIN ROOSEVELT BLVD 204<br>GARDEN CITY NY 11530-4843 | SPS<br>PO BOX 65250<br>SALT LAKE CITY UT 84165-0250 | SPS<br>PO BOX 65250<br>SALT LAKE CITY UTAH 84165-0250 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | SYNCHRONY BANK<br>P O BOX 965004<br>ORLANDO FL 32896-5004 | SYNCHRONY BANK<br>P O BOX 965004<br>ORLANDO FLORIDA 32896-5004 |
| TJX REWARDSGEMB<br>PO BOX 530948<br>ATLANTA GA 30353-0948 | TJX REWARDSGEMB<br>PO BOX 530948<br>ATLANTA GEORGIA 30353-0948 | TOTAL CARD INC<br>PO BOX 89725<br>SIOUX FALLS SD 57109-9725 |
| TOYOTA FINANCIAL SERVICES<br>BANKRUPTCY DEPARTMENT PO BOX 5855<br>5505 N CUMBERLAND AVE SUITE 307<br>CHICAGO ILLINOIS 60656-4761 | TOYOTA MOTOR CREDIT CORPORATION<br>PO BOX 8026<br>CEDAR RAPIDS IA 52408-8026 | TOYOTA WORLD OF NEWTON<br>66 ROUTE 206<br>NEWTON NJ 07860 |
| US BANK NATIONAL ASSOCIATION<br>NATIONSTAR MORTGAGE LLC DBA MR COOPER<br>ATTN- BANKRUPTCY DEPT<br>PO BOX 619096<br>DALLAS TX 75261-9096 | US BANK NATIONAL ASSOCIATION<br>RAS CRANE LLC<br>10700 ABBOTTS BRIDGE ROAD<br>SUITE 170<br>DULUTH GA 30097-8461 | US BANK NATIONAL ASSOCIATION AS<br>TRUSTEE F<br>RAS CRANE LLC<br>10700 ABBOTTS BRIDGE ROAD SUITE 170<br>DULUTH GA 30097-8461 |
| ~~EXCLUDE~~<br>~~UNITED STATES TRUSTEE~~<br>~~228 WALNUT STREET SUITE 1190~~<br>~~HARRISBURG PA 17101-1722~~ | JAMES WARMBRODT<br>701 MARKET STREET SUITE 5000<br>PHILADEPHIA PA 19106-1541 | WEST MILFORD PT<br>179 CAHILL CROSS RD STE 308<br>WEST MILFORD NJ 07480-1988 |