## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

Andres C. Pinedo

Debtor(s)

Chapter:    13

Case No.:    5:19--bk--02045

### NOTICE

The confirmation hearing on the 3rd Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 03/04/2020      Time: 09:30

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701

The deadline for filing objections to confirmation of the Plan is: 02/26/2020 .

**For cases before the Hon. Robert N. Opel, II (indicated in the Case No. with the initials "RNO" respectively):**

Any objections to confirmation of the Plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the Plan at this time.

**For cases before the Hon. Henry W. Van Eck (indicated in the Case No. with the initials "HWV"):**

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 01/07/2020      Filed by:    Mark E. Moulton, Esquire

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

    Andres C. Pinedo

CHAPTER 13

CASE NO.:   5–bk–19–2045

    ORIGINAL PLAN

3rd AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

1  Number of Motions to Avoid Liens

0  Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | X Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | X Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | X Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1.  **PLAN FUNDING AND LENGTH OF PLAN.**

    A.  **Plan Payments From Future Income**

        1.  To date, the Debtor paid $ 2,411.85 (enter $0 if no payments have been made to the

Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 31,857.85 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 06/19 | 12/19 | 344.55 | -0- | 344.55 | 2,411.85 |
| 01/20 | 06/20 | 380.00 | -0- | 380.00 | 2,280.00 |
| 07/20 | 05/24 | 578.00 | -0- | 578.00 | 27,166.00 |
| | | | | Total Payments: | 31,857.85 |

2.  If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3.  Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4.  CHECK ONE:
    ☑ Debtor is at or under median income.

**B.  Additional Plan Funding From Liquidation of Assets/Other**
1.  The Debtor estimates that the liquidation value of this estate is $ 0. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)
    *Check one of the following two lines.*
    ☐ No assets will be liquidated.
    X Certain assets will be liquidated as follows:

2.  In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3.  Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Any non exempt proceeds from potential personal injury/workman's comp case.

2

2.  **SECURED CLAIMS.**

    A.  <u>**Pre-Confirmation Distributions.**</u> *Check one.*

            ☑    None.

    B.  <u>**Mortgages (Including Claims Secured by Debtor's Principal Residence)
and Other Direct Payments by Debtor.**</u> *Check one.*

        X      Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Mr. Cooper | 137 Maria Lane, Dingmans Ferry | 6678 |
| Citizens One Financial | 2015 Ford Mustang | 2914 |

    C.  <u>**Arrears (Including, but not limited to, claims secured by Debtor's
principal residence).**</u> *Check one.*

        ☐    None.

        X    The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Mr. Cooper | 137 Maria Lane | $ 13,211.00 | -0- | $ 13,211.00 |
| ABS REO Trust c/o Select portfolio Servicing, Inc. | 137 Maria Lane | $ 5,555.03 | -0- | $ 5,555.03 |

    D.  <u>**Other secured claims (conduit payments and claims for which a § 506
valuation is not applicable, etc.)**</u>

        ☐    None.

        X    The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within

3

910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| PA Dept. Revenue | 137 Maria Lane | 972.05 | 6.0 | 972.05 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*
    ☑ None.

F. **Surrender of Collateral.** *Check one.*
    ☑ None.

G. **Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one.*

    ☑ None.

3. **PRIORITY CLAIMS.**
    A. **Administrative Claims**

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

4

    a. In addition to the retainer of $ 1,200.00 already paid by the Debtor, the amount of $ 1,800.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
    ☑ None.

**B. Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| PA Dept Of Revenue | 110.45 |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*
    ☑ None.

4. **UNSECURED CLAIMS.**
   **A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*
    ☑ None.

   **B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**
   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

    X plan confirmation.

    ☐ entry of discharge.

5

☐ closing of case.

**7. DISCHARGE: (Check one)**

    X  The debtor will seek a discharge pursuant to § 1328(a).

    ☐  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Adequate protection payments.

Level 2: Debtor's attorney's fees

Level 3: Domestic Support Obligations

Level 4: Priority claims, pro rata.

Level 5: Secured claims, pro rata.

Level 6: Specially classified unsecured claims.

Level 7: Timely filed general unsecured claims.

Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS.**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

    **A.** This Chapter 13 Plan ("this Plan") provides a distribution chart in Section 8 above that provides estimated distributions to classes of creditors and the estimated Trustee commission rate utilized in the calculations, in addition to all information indicated by the Model Plan.

    **B.** The **second lien** position mortgage of **Select Portfolio Serving Inc**, its successors, predecessors and assigns, hereinafter referred to as "Lender", is being avoided via this Plan.

      1.  Confirmation of this Plan shall constitute a finding that for purposes of this bankruptcy case and all matters relevant thereto the value of the real property known as **137 Maria Lane, PA 18328; Marcel Lake Estates POA, Dingmans Ferry, Pike County, PA**, and the Deed for this property having been recorded with the Recorder of Deeds in and for **Pike County,** Pennsylvania at **Pike County Deed Book Volume 1881, Page**

6

**658**, hereinafter referred to as the "Property", is **$125,000.00**. Documentation verifying this value is or will be filed of record with this Court.

    2.  Upon confirmation of this Plan, $5,555.03 of ABS REO Trust c/o Select portfolio Servicing, Inc.'s will be treated as a secured claim, and the remaining $29,137.61 shall be deemed unsecured. Debtor shall pay Movant the secured amount of $5,555.03 at 6.00% interest per annum, commencing the first full month following the effective date of the Debtor's Chapter 13 plan. The unsecured portion of the claim shall receive a shared portion on disbursements for general.

    3.  The remaining $29,137.61 owed to Lender shall be deemed a general unsecured claim without further Order of this Court, provided that:

    (a)  Lender's claim, upon the filing of a valid and timely Proof of Claim, shall be allowed as a non-priority general unsecured claim and may share in any distribution to general unsecured creditors.

    (b)  The avoidance of Lender's junior lien is contingent upon the Debtor's completion of the Chapter 13 Plan and receipt of a Final Decree after completion of all Plan Payments.

    (c)  Lender shall retain its lien for the full amount due under the subject loan should the property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan and entry of a Final Decree.

    (d)  Lender shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the case to another Chapter under the United States Bankruptcy Code.

    (e)  In the event that any entity, including the holder of the first lien on the Property, forecloses on its security interest and extinguishes Lender's lien prior to the Debtor's completion of the Chapter 13 Plan, Lender's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

    4.  The Confirmation Order and Final Decree may be filed with the Recorder of Deeds in and for **Pike County**, Pennsylvania, which shall satisfy and avoid the mortgage held by Lender against the Property, as recorded at **Pike County Record Book Volume 2029, Page 601; assigned on February 22, 2016 and recorded at Pike County Record Book Volume 2489, Page 1683**.

Dated: January 7, 2020                 s/Mark E. Moulton
                                              Attorney for Debtor

                                              s/ Andres C. Pinedo
                                              Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.