**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

In Re:

Andres C. Pinedo

Chapter: 13

Case No.: 5:19--bk--02045

Debtor(s)

### NOTICE

The confirmation hearing on the 3rd Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 03/04/2020  Time: 09:30

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701

The deadline for filing objections to confirmation of the Plan is: 02/26/2020.

**For cases before the Hon. Robert N. Opel, II (indicated in the Case No. with the initials "RNO" respectively):**

Any objections to confirmation of the Plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the Plan at this time.

**For cases before the Hon. Henry W. Van Eck (indicated in the Case No. with the initials "HWV"):**

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 01/07/2020  Filed by: Mark E. Moulton, Esquire

_____

_____

---

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:

Andres C. Pinedo

CHAPTER 13

CASE NO.: 5–bk–19–2045

☐ ORIGINAL PLAN
3rd AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

1 Number of Motions to Avoid Liens
0 Number of Motions to Value Collateral

### CHAPTER 13 PLAN

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | X Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | X Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G | ☐ Included | X Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

      1. To date, the Debtor paid $ 2,411.85 (enter $0 if no payments have been made to the

1

---

Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 31,857.85 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 06/19 | 12/19 | 344.55 | -0- | 344.55 | 2,411.85 |
| 01/20 | 06/20 | 380.00 | -0- | 380.00 | 2,280.00 |
| 07/20 | 05/24 | 578.00 | -0- | 578.00 | 27,166.00 |
| | | | | Total Payments: | 31,857.85 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:
   ☒ Debtor is at or under median income.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 0. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   Check one of the following two lines.
   ☐ No assets will be liquidated.
   ☒ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Any non exempt proceeds from potential personal injury/workman's comp case.

2

---

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*
      ☒ None.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

      X Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Mr. Cooper | 137 Maria Lane, Dingmans Ferry | 6678 |
| Citizens One Financial | 2015 Ford Mustang | 2914 |

   C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*
      ☐ None.
      X The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Mr. Cooper | 137 Maria Lane | $ 13,211.00 | -0- | $ 13,211.00 |
| ABS REO Trust c/o Select portfolio Servicing, Inc. | 137 Maria Lane | $ 5,555.03 | -0- | $ 5,555.03 |

   D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
      ☐ None.

      X The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within

3

---

910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| PA Dept. Revenue | 137 Maria Lane | 972.05 | 6.0 | 972.05 |

    E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*
        ☒ None.

    F. **Surrender of Collateral.** *Check one.*
        ☒ None.

    G. **Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one.*
        ☒ None.

3. **PRIORITY CLAIMS.**
   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

   a. In addition to the retainer of $ 1,200.00 already paid by the Debtor, the amount of $ 1,800.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
       ☒ None.

   B. **Priority Claims (including, certain Domestic Support Obligations)**

   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| PA Dept Of Revenue | 110.45 |

   C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*
       ☒ None.

4. **UNSECURED CLAIMS.**
   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*
       ☒ None.

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*
       ☒ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**
   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   X  plan confirmation.
   ☐  entry of discharge.

---

    ☐ closing of case.

7. **DISCHARGE: (Check one)**

   X  The debtor will seek a discharge pursuant to § 1328(a).
   ☐  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**
   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
   Payments from the plan will be made by the Trustee in the following order:

   Level 1: Adequate protection payments.

   Level 2: Debtor's attorney's fees

   Level 3: Domestic Support Obligations

   Level 4: Priority claims, pro rata.

   Level 5: Secured claims, pro rata.

   Level 6: Specially classified unsecured claims.

   Level 7: Timely filed general unsecured claims.

   Level 8: Untimely filed general unsecured claims to which the Debtor has

   not objected.

9. **NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

   A. This Chapter 13 Plan ("this Plan") provides a distribution chart in Section 8 above that provides estimated distributions to classes of creditors and the estimated Trustee commission rate utilized in the calculations, in addition to all information indicated by the Model Plan.

   B. The **second lien** position mortgage of **Select Portfolio Serving Inc**, its successors, predecessors and assigns, hereinafter referred to as "Lender", is being avoided via this Plan.
   1. Confirmation of this Plan shall constitute a finding that for purposes of this bankruptcy case and all matters relevant thereto the value of the real property known as **137 Maria Lane, PA 18328; Marcel Lake Estates POA, Dingmans Ferry, Pike County, PA**, and the Deed for this property having been recorded with the Recorder of Deeds in and for **Pike County,** Pennsylvania at **Pike County Deed Book Volume 1881,** Page **658**, hereinafter referred to as the "Property", is **$125,000.00**. Documentation verifying this value is or will be filed of record with this Court.
   2. Upon confirmation of this Plan, $5,555.03 of ABS REO Trust c/o Select portfolio Servicing, Inc.'s will be treated as a secured claim, and the remaining $29,137.61 shall be deemed unsecured. Debtor shall pay Movant the secured amount of $5,555.03 at 6.00% interest per annum, commencing the first full month following the effective date of the Debtor's Chapter 13 plan. The unsecured portion of the claim shall receive a shared portion on disbursements for general.
   3. The remaining $29,137.61 owed to Lender shall be deemed a general unsecured claim without further Order of this Court, provided that:
     (a) Lender's claim, upon the filing of a valid and timely Proof of Claim, shall be allowed as a non-priority general unsecured claim and may share in any distribution to general unsecured creditors.
     (b) The avoidance of Lender's junior lien is contingent upon the Debtor's completion of the Chapter 13 Plan and receipt of a Final Decree after completion of all Plan Payments.
     (c) Lender shall retain its lien for the full amount due under the subject loan should the property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan and entry of a Final Decree.
     (d) Lender shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the case to another Chapter under the United States Bankruptcy Code.
     (e) In the event that any entity, including the holder of the first lien on the Property, forecloses on its security interest and extinguishes Lender's lien prior to the Debtor's completion of the Chapter 13 Plan, Lender's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.
   4. The Confirmation Order and Final Decree may be filed with the Recorder of Deeds in and for **Pike County,** Pennsylvania, which shall satisfy and avoid the mortgage held by Lender against the Property, as recorded at **Pike County Record Book Volume 2029, Page 601; assigned on February 22, 2016 and recorded at Pike County Record Book Volume 2489, Page 1683.**

Dated: January 7, 2020                         s/Mark E. Moulton
                                              Attorney for Debtor

                                              s/ Andres C. Pinedo
                                              Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: ANDRES PINEDO | CASE NO: 19-2045 |
|---|---|
| | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 1/7/2020, I did cause a copy of the following documents, described below,

Pinedo Plan 3 w Notice Sm

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 1/7/2020

/s/ Mark E. Moulton, Esq
Mark E. Moulton, Esq  89064
Moulton & Moulton, PC ap3
693 Route 739
Hawley, PA  18428
570 775 9525

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ANDRES PINEDO | CASE NO: 19-2045 |
| | **CERTIFICATE OF SERVICE** |
| | **DECLARATION OF MAILING** |
| | Chapter: 13 |

On 1/7/2020, a copy of the following documents, described below,

Pinedo Plan 3 w Notice Sm

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 1/7/2020

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Mark E. Moulton, Esq
Moulton & Moulton, PC ap3
693 Route 739
Hawley, PA  18428

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| CASE INFO | ABS REO TRUST | DANIELLE BOYLE EBERSOLE |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING 03145<br>CASE 5-19-BK-02045-RNO<br>MIDDLE DISTRICT OF PENNSYLVANIA<br>WILKES-BARRE<br>TUE JAN 7 12-53-50 EST 2020 | CO SELECT PORTFOLIO SERVICING INC<br>PO BOX 65250<br>SALT LAKE CITY UT 84165-0250 | HLADIK ONORATO FEDERMAN LLP<br>298 WISSAHICKON AVENUE<br>NORTH WALES PA 19454-4156 |
| CAC DEBT RECOVERY<br>2300 GETTYSBURG RD STE 102<br>CAMP HILL PA 17011-7303 | CBL PATH<br>110 WASHINGTON AVE 2ND FL<br>NORTH HAVEN CT 06473-1723 | CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| CAVALRY SPV I LLC<br>500 SUMMIT LAKE DRIVE STE 400<br>VALHALLA NY 10595-2321 | CITIBANK S D<br>701 EAST 60TH STREET NORTH<br>SIOUX FALLS SD 57104-0493 | CITIBANK SD<br>701 EAST 60TH STREET NORTH<br>SIOUX FALLS SOUTH DAKOTA 57104-0493 |
| CITIZENS BANK NA<br>ONE CITIZENS BANK WAY MAIL STOP JCA115<br>JOHNSTON RI 02919-1922 | CITIZENS ONE AUTO FINANCE<br>1 CITIZENS BANK WAY<br>JOHNSTON RI 02919-1922 | CITIZENS ONE AUTO FINANCE<br>1 CITIZENS BANK WAY<br>JOHNSTON RHODE ISLAND 02919-1922 |
| COMMERCIAL ACCEPTANCE COMP<br>2300 GETTYSBURG RD STE 102<br>CAMP HILL PENNSYLVANIA 17011-7303 | CREDIT ONE BANK NA<br>585 PILOT ROAD<br>LAS VEGAS NEVADA 89119-3619 | CHARLES J DEHART III TRUSTEE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036-8625 |
| DELL FINANCIAL SERVICES<br>P O BOX 81577<br>AUSTIN TX 78708-1577 | DISCOVER BANK<br>DISCOVER PRODUCTS INC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | DISCOVER CC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| ERC<br>PO BOX 23870<br>JACKSONVILLE FL 32241-3870 | ASHLEE CRANE FOGLE<br>RAS CRANE LLC<br>10700 ABBOTTS BRIDGE RD<br>SUITE 170<br>DULUTH GA 30097-8461 | KEVIN S FRANKEL<br>SHAPIRO DENARDO LLC<br>3600 HORIZON DRIVE<br>SUITE 150<br>KING OF PRUSSIA PA 19406-4702 |
| GLOBAL PAYMENTS CHECK SERVICES INC<br>PO BOX 59371<br>CHICAGO IL 60659-0272 | HSBC BANK<br>ATTN BANKRUPTCY DEPT<br>PO BOX 4215<br>BUFFALO NEW YORK 14240-4215 | HOME DEPOT<br>ATTN LEGAL<br>2455 PACES FERRY RD<br>ATLANTA GA 30339-6444 |
| HOME DEPOT<br>ATTN LEGAL<br>2455 PACES FERRY RD<br>ATLANTA GEORGIA 30339-6444 | BRIAN THOMAS LANGFORD<br>WELTMAN WEINBERG REIS CO LPA<br>436 7TH AVENUE SUITE 2500<br>PITTSBURGH PA 15219-1842 | LAW OFFICES OF SHAPIRO DENARDO LLC<br>3600 HORIZON DRIVE STE 150<br>KING OF PRUSSIA PC 19406-4702 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| LIBERTY CAREER FINANCE<br>PO BOX 8099<br>NEWARK DE 19714-8099 | MLEPOA INC<br>103 LAKE DRIVE<br>DINGMANS FERRY PA 18328-3127 | MERCURY<br>CARD SERVICES<br>PO BOX 70168<br>PHILADELPHIA PA 19176-0168 |
| MERRICK BANK<br>PO BOX 660702<br>DALLAS TX 75266-0702 | MET ED<br>PO BOX 3687<br>AKRON OH 44309-3687 | METEDFIRST ENERGY<br>101 CRAWFORDS CORNER RD<br>BLDG 1 SUITE 1-511<br>HOLMDEL NJ 07733-1976 |
| MIDLAND CREDIT MANAGEMENT<br>8875 AERO DRIVE<br>STE 200<br>SAN DIEGO CALIFORNIA 92123-2255 | MIDLAND CREDIT MANAGEMENT<br>8875 AERO DRIVE STE 200<br>SAN DIEGO CA 92123-2255 | MIDLAND CREDIT MANAGEMENT INC<br>PO BOX 2037<br>WARREN MI 48090-2037 |
| MIGDALIA ESPINET<br>137 MARIA LANE<br>DINGMANS FERRY PA 18328-3088 | MARK E MOULTON<br>MOULTON AND MOULTON PC<br>693 STATE ROUTE 739 SUITE 1<br>LORDS VALLEY PA 18428-6083 | MR COOPER<br>9850 CYPRESS WATERS BLVD<br>COPPELL TX 75019 |
| MR COOPER<br>9850 CYPRESS WATERS BLVD<br>COPPELL TEXAS 75019 | NEWTON MEMORIAL HOSP<br>PO BOX 3129<br>SECAUCUS NJ 07096-3129 | ORION<br>CO PRA RECEIVABLES MANAGEMENT LLC<br>PO BOX 41021<br>NORFOLK VA 23541-1021 |
| PA DEPARTMENT OF REVENUE<br>BANKRUPTCY DIVISION<br>PO BOX 280946<br>HARRISBURG PA 17128-0946 | PNP FINANCIAL MAANGEMENT SERVS<br>100 QUENTIN ROOSEVELT BLVD 204<br>GARDEN CITY NY 11530-4843 | PRA RECEIVABLES MANAGEMENT LLC<br>PO BOX 41021<br>NORFOLK VA 23541-1021 |
| PENNSYLVANIA DEPARTMENT OF REVENUE<br>BANKRUPTCY DIVISION PO BOX 280946<br>HARRISBURG PA 17128-0946 | DEBTOR<br>ANDRES C PINEDO<br>137 MARIA LANE<br>DINGMANS FERRY PA 18328-3088 | PLAINS VOLUNTEER AMB<br>90 MAFFETT ST<br>PLAINS PA 18705-1933 |
| PLAINTS TWP AMBULANCE<br>PO BOX 207<br>ALLENTOWN PA 18105-0207 | PLEASANTDALE AMBULATORY CARE<br>61 MAIN STREETSTE D<br>WEST ORANGE NJ 07052-5353 | PLEASANTDALE AMBULATORY SERVICE<br>61 MAIN STREET STE D<br>WEST ORANGE NJ 07052-5353 |
| PNP MANAGEMENT SERVICES LLC<br>100 QUENTIN ROOSEVELT BLVD 204<br>GARDEN CITY NY 11530-4843 | SPS<br>PO BOX 65250<br>SALT LAKE CITY UT 84165-0250 | SPS<br>PO BOX 65250<br>SALT LAKE CITY UTAH 84165-0250 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

SPRINT NEXTEL CORRESPONDENCE
ATTN BANKRUPTCY DEPT
PO BOX 7949
OVERLAND PARK KS 66207-0949

SYNCHRONY BANK
P O BOX 965004
ORLANDO FL 32896-5004

SYNCHRONY BANK
P O BOX 965004
ORLANDO FLORIDA 32896-5004

TJX REWARDSGEMB
PO BOX 530948
ATLANTA GA 30353-0948

TJX REWARDSGEMB
PO BOX 530948
ATLANTA GEORGIA 30353-0948

TOTAL CARD INC
PO BOX 89725
SIOUX FALLS SD 57109-9725

TOYOTA FINANCIAL SERVICES
BANKRUPTCY DEPARTMENT PO BOX 5855
5505 N CUMBERLAND AVE SUITE 307
CHICAGO ILLINOIS 60656-4761

TOYOTA MOTOR CREDIT CORPORATION
PO BOX 8026
CEDAR RAPIDS IA 52408-8026

TOYOTA WORLD OF NEWTON
66 ROUTE 206
NEWTON NJ 07860

US BANK NATIONAL ASSOCIATION
NATIONSTAR MORTGAGE LLC DBA MR COOPER
ATTN- BANKRUPTCY DEPT
PO BOX 619096
DALLAS TX 75261-9096

US BANK NATIONAL ASSOCIATION
RAS CRANE LLC
10700 ABBOTTS BRIDGE ROAD
SUITE 170
DULUTH GA 30097-8461

US BANK NATIONAL ASSOCIATION AS TRUSTEE F
RAS CRANE LLC
10700 ABBOTTS BRIDGE ROAD SUITE 170
DULUTH GA 30097-8461

US BANK NATIONAL ASSOCIATION ET AL C
NATIONSTAR MORTGAGE LLC DBA MR COOPER
PO BOX 619096
DALLAS TX 75261-9096

~~EXCLUDE
UNITED STATES TRUSTEE
228 WALNUT STREET SUITE 1190
HARRISBURG PA 17101-1722~~

JAMES WARMBRODT
701 MARKET STREET SUITE 5000
PHILADEPHIA PA 19106-1541

WEST MILFORD PT
179 CAHILL CROSS RD STE 308
WEST MILFORD NJ 07480-1988